J-A03032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| RAPHAEL DURST AND NIVA DURST | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| v. | : |
| MAROM GERRITT, II, L.P., MAROM GERRITT, LLC, NETANEL J. DARMON AND ELIAHU ALON | : |
| | : No. 478 EDA 2024 |
| APPEAL OF: MAROM GERRITT, II, L.P., NETANEL J. DARMON AND ELIAHU ALON | : |

Appeal from the Order Entered January 12, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210202431

BEFORE:  STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED MAY 13, 2025**

Marom Gerritt, II, L.P. ("Partnership"), Netanel J. Darmon ("Darmon"), and Eliahu Alon ("Alon") (collectively, "Defendants") appeal from the order granting the motion to enforce a settlement agreement filed by Raphael Durst and Niva Durst (collectively, "Plaintiffs").  We affirm in part and reverse in part.

On February 25, 2021, Plaintiffs initiated this matter by filing a complaint against Defendants, seeking to enforce an agreement ("Agreement of Sale") that required the Partnership to sell Plaintiffs a home located at 2045 Gerritt Street in Philadelphia ("Property").  We derive the following factual background from Plaintiffs' complaint.  In 2015, Plaintiffs formed the

Partnership with Darmon and Alon ("Individual Defendants") for the purpose of investing in and building properties on Gerritt Street in Philadelphia. *See* Second Amended Complaint, 7/29/21, at ¶¶ 8-9, Exhibit A. Pursuant to the terms of the limited partnership agreement, Plaintiffs secured the right to buy one of the Gerritt Street homes developed by the Partnership, to "be chosen randomly," for $325,000. *See id*. at ¶ 11, Exhibit A at ¶ 8.05.

Over the ensuing years, Plaintiffs repeatedly sought to exercise their right to purchase a Gerritt Street home, and Defendants refused these requests. *See id*. at ¶¶ 12-13, 15. In 2019, Plaintiffs commenced an action ("Prior Litigation") against the Partnership in the trial court to enforce their right of purchase under the limited partnership agreement. *See id*. at ¶ 16. The parties settled the Prior Litigation in 2020. *See id*. at ¶ 18. Pursuant to the terms of that settlement agreement, Plaintiffs and the Partnership entered into the Agreement of Sale, allowing Plaintiffs to purchase the Property for $325,000. *See id*. at ¶¶ 18-19, Exhibits B, D. The Agreement of Sale provided Plaintiffs would pay a $190,000 deposit and set a closing date of January 19, 2021. *See id*. at ¶¶ 19-21, Exhibit D, at ¶¶ 2(B), 4(A). Notably, Plaintiffs did not name Individual Defendants as defendants in the Prior Litigation, and Individual Defendants were not parties to the prior settlement agreement or the Agreement of Sale. *See id*. at ¶ 16, Exhibits B, D.

Although Plaintiffs paid the deposit as required in the Agreement of Sale, Defendants: failed to complete construction of the Property; failed to obtain necessary permits from the City of Philadelphia Department of Licenses and

Inspections ("L & I"); and did not proceed to closing on January 19, 2021 or attempt to reschedule closing. *See id*. at ¶¶ 23-30, 52-53. Plaintiffs then filed the instant action to enforce the Agreement of Sale.

This matter proceeded to trial on April 17, 2023. Before the start of trial, however, the parties reached an agreement to settle the matter ("Settlement Agreement"). The parties stated the terms of the Settlement Agreement orally on the record before the trial court, which we reproduce verbatim from the trial transcript:

> [Defendants' Attorney:] Your Honor, we're pleased to report that we have a settlement agreement that we would like to read into the record.
>
> * * * *
>
> . . . Your Honor, this dispute concerns a property located at 2045 Gerritt Street, and the settlement involves the immediate conveyance of title to that property to the plaintiff.
>
> The plaintiffs payment into escrow of the sum of $25,000, pending delivery of the remaining permits and sidewalk permit delivered by defendant within six months. Delivery of title will be free and clear of any liens.
>
> The obligation to provide the permits is the seller's obligation. After six months, if the seller has not delivered the permits for each month of delay thereafter, the escrow will be reduced $2,000 per month and the $2,000 will be released to the plaintiff.
>
> If after one year from completion of the transfer of title the permits have not been obtained, then the remaining balance in escrow will be released to the plaintiff and the plaintiff will then pursue the permits on plaintiff's own.

If plaintiff has to pursue permits, then defendant Marom Gerritt, LLC[1] will be responsible to reimburse plaintiff's permit and cost.

* * * *

. . . This is a settlement between the entity defendant Marom Garritt, LLC and the plaintiff, and the individual defendants are not a party to this settlement and plaintiff releases all claims against the individual defendants.

Your Honor, that is the sum and substance of my understanding of the terms of settlement, and I ask plaintiff's counsel to concur?

[Plaintiffs' Attorney:] I just want to make a couple corrections.

The defendant is Marom Gerritt II, L.P., not Marom Garritt, LLC, so that's just a minor technicality.

And the other thing is, so when we talk about resolution to commence, part of what's going to be resolved is that there was a November 20th, 2018 final warning letter from the City of Philadelphia Department of License & Inspections and issues that final warning letter will be resolved by the seller, defendant.

I have nothing further, Your Honor.

THE COURT: Do you agree with those?

[Defendants' Attorney:] We do, Your Honor.

THE COURT: Okay. So everything is resolved? We're good?

[Defendants' Attorney:] Yes, Your Honor

N.T., 4/17/23, at 3-6. The parties did not reduce the Settlement Agreement to writing. The trial court marked the matter as settled on April 17, 2023.

Eight months later, on December 20, 2023, Plaintiffs filed a motion to enforce the Settlement Agreement at the instant docket. Plaintiffs alleged

---

[1] Marom Gerritt, LLC is the entity that served as the general partner of the Partnership. Plaintiffs named Marom Gerritt, LLC as a defendant in the initial complaint in this matter but removed it as a party from their second amended complaint.

their counsel contacted Defendants' counsel in May, July, and August 2023 "seeking to move the settlement along," but received no response. Motion to Enforce Settlement, 12/20/23, at ¶¶ 2-4. Plaintiffs averred that, while Defendants' counsel finally responded in September 2023, indicating that he would contact his clients, the parties had made no progress towards the transfer of the Property. *See id*. at ¶¶ 5-7, 9. In addition to seeking an order compelling Defendants to complete the settlement, Plaintiffs requested an award of $1,500 in attorneys' fees for the preparation of the motion pursuant to 42 Pa.C.S.A. § 2503(7). *See id*. at ¶¶ 7-8, Proposed Order.

Defendants filed an answer in which they admitted their counsel's failure to respond to Plaintiffs' numerous requests to complete the Settlement Agreement. *See* Answer to Motion to Enforce Settlement, 1/9/24, at ¶¶ 1-6. However, Defendants contended the trial court should deny the motion as Plaintiffs did not plead their satisfaction of the two preconditions for the transfer of the Property: (1) their deposit of $25,000 into escrow; and (2) the resolution of the permit issues with L & I. *See id*. at ¶¶ 1, 7-9, New Matter at ¶¶ 3, 6. Defendants further averred Plaintiffs released Individual Defendants from the case, and therefore Plaintiffs could only assert their rights under the Settlement against the Partnership. *See id*., New Matter at ¶¶ 1-2. Finally, Defendants opposed Plaintiffs' request for attorneys' fees, contending they had not engaged in dilatory, obturate, or vexatious conduct. *See id*., New Matter at ¶ 4.

On January 12, 2024, the trial court granted Plaintiffs relief and entered an order directing all the Defendants, including Individual Defendants, "to complete the settlement within thirty . . . days of service" of the order. Order, 1/12/24. The court also directed Defendants to pay $1,500 in attorneys' fees to Plaintiffs' counsel. *See id*. If Defendants failed to fulfill their obligations under the Settlement Agreement or pay attorneys' fees within thirty days of the date of filing, the order provided, Plaintiffs could file a praecipe for default judgment against Defendants. *See id*.

Defendants filed a timely notice of appeal from the January 12, 2024 order. Defendants and the trial court complied with Pa.R.A.P. 1925.

Defendants present the following issues for our review:

1. Whether the [trial court] committed error of law and abused [its] discretion in ordering judgment against [Individual Defendants] where [the Partnership] was alleged not to have complied with the terms of the [o]rder enforcing the [S]ettlement [A]greement, where the parties agreed, on the transcribed record, that [Individual Defendants] were not parties to the settlement and that all claims against those Defendants were released.

2. Whether [the trial court] committed error of law and abused [its] discretion in entering the [o]rder of January 12, 2024, requiring Defendants to complete settlement for the sale of the [P]roperty . . . within thirty . . . days, where . . . Plaintiffs failed to establish the satisfaction of conditions precedent to completion of the terms of the settlement, specifically (1) establishment of an escrow by [Plaintiffs] in the sum of $25,000.00 pending delivery of the remaining permits for the Property by [the Partnership] and (2) resolution of the violations with [L & I] relating to the Property.

3. Whether [the trial court] committed error of law and abused [its] discretion in entering the [o]rder of January 12, 2024,

- 6 -

without first conducting an evidentiary hearing to determine whether the [S]ettlement [A]greement had been breached.

4. Whether [the trial court] committed error of law and abused [its] discretion in ordering [Defendants] to pay [Plaintiffs'] counsel $1,500.00 for legal fees as a sanction where [Defendants] did not breach the terms of the settlement, and where [Plaintiffs] did not allege or prove any conduct by [Defendants] which was dilatory, obdurate or vexatious, and where [Individual Defendants] had been released from the case.

Defendants' Brief at 5-7 (suggested answers omitted).

In their first issue, Defendants argue that the trial court erred by ordering Individual Defendants to fulfill the terms of the Settlement Agreement, when Plaintiffs released them from any such obligation. The enforceability of settlement agreements

is determined according to principles of contract law. Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decision.

***Toppy v. Passage Bio, Inc.***, 285 A.3d 672, 682 (Pa. Super. 2022) (citation and brackets omitted). "With respect to factual conclusions, we may reverse the trial court only if its findings of fact are predicated on an error of law or are unsupported by competent evidence in the record." ***Step Plan Servs., Inc. v. Koresko***, 12 A.3d 401, 408 (Pa. Super. 2010) (citation omitted).

"Like any contract, to be enforceable, a settlement agreement must possess all the elements of a valid contract: offer, acceptance, and consideration." ***Toppy***, 285 A.3d at 682. "[I]t is essential to the enforceability

of a settlement agreement that the minds of the parties should meet upon all the terms, as well as the subject[ ]matter, of the agreement." **Commerce Bank/Pennsylvania v. First Union Nat. Bank**, 911 A.2d 133, 145 (Pa. Super. 2006) (citation omitted).

"The fundamental rule in contract interpretation is to ascertain the intent of the contracting parties." **Lesko v. Frankford Hosp.-Bucks Cnty.**, 15 A.3d 337, 342 (Pa. 2011) (citation omitted). "[W]hen a written contract is clear and unequivocal, its meaning must be determined by its contents alone." **Id**. (citation omitted). Pennsylvania upholds a strong public policy favoring the voluntary settlement of legal disputes. **See Nationwide Ins. Co. v. Schneider**, 960 A.2d 442, 449 (Pa. 2008).

With respect to releases, our Supreme Court has stated:

Parties with possible claims may settle their differences upon such terms as are suitable to them. They may include or exclude terms, conditions and parties as they can agree. In doing so, they may yield, insist or reserve such right as they choose. If one insists that to settle, the matter must end then and forever, as between them, they are at liberty to do so. They may agree for reasons of their own that they will not sue each other or any one for the event in question. However improvident their agreement may be or subsequently prove for either party, their agreement, absent fraud, accident or mutual mistake, is the law of their case.

**Pennsbury Vill. Assocs., LLC v. McIntyre**, 11 A.3d 906, 914-15 (Pa. 2011) (citation omitted). "In Pennsylvania, it is well settled that the effect of a release is to be determined by the ordinary meaning of its language." **Id**. at 914 (citation omitted).

Defendants assert that the Settlement Agreement, as stated on the record at the April 17, 2023 proceeding, expressly provided for the release of Individual Defendants from the case and indicated that they were not parties to the agreement. Defendants argue that "the release was not qualified or contingent" and "was absolute and independent of any obligation of" the Partnership to Plaintiffs under the Settlement Agreement. Defendants' Brief at 20. In light of the release of Individual Defendants from the case, Defendants contend that the trial court lacked jurisdiction over Individual Defendants and erred by enforcing the Settlement Agreement against them.

Based on our review, we agree with Defendants that the trial court erred by ordering Individual Defendants to comply with the Settlement Agreement when the Plaintiffs had agreed to their release from the case. **See Toppy**, 285 A.3d at 682. When recounting the terms of the agreement before the trial court, defense counsel stated that: the settlement was "between the entity defendant Marom Garritt, LLC [*sic*] and" Plaintiffs; "[I]ndividual [D]efendants [we]re not a party to this settlement;" and "[P]laintiff[s] release[d] all claims against [I]ndividual [D]efendants." N.T., 4/17/23, at 5. Plaintiffs' counsel then offered several corrections to the terms of the Settlement Agreement — including that the entity defendant was the Partnership rather than Marom Garritt, LLC — but did not deny the release of Individual Defendants from this matter. **See id**.

By the ordinary meaning of the language used by the parties at the April 17, 2023 hearing, Plaintiffs granted an unqualified and immediate release of

all claims against Individual Defendants and exempted them from any obligation to perform under the Settlement Agreement. *See Pennsbury Vill. Assocs.*, 11 A.3d at 914. Plaintiffs have not alleged that the release was the product of fraud, accident, or mutual mistake, and it thus is the law of this case. *See id*. at 915. Accordingly, we reverse in part the trial court's January 12, 2024 order to the extent it improperly ordered Individual Defendants to comply with the terms of the Settlement Agreement and pay Plaintiffs' attorneys' fees. We therefore confine our analysis of Defendants' remaining issues to the court's grant of relief against the Partnership.

In their second issue, Defendants argue that the trial court erred by requiring the Partnership to convey the Property to Plaintiffs within thirty days of the date of its order. Defendants maintain that the Settlement Agreement contained a condition precedent before transfer of title could occur: Plaintiffs' payment of $25,000 into escrow.[2] As "there was no proof, and not even an averment, that Plaintiffs had posted the escrow," Defendants assert that the

_____

[2] Defendants indicated in their statement of questions presented and summary of the argument sections of their brief that obtaining proper permits for the Property was also a condition precedent to the Partnership's performance under the Settlement Agreement. However, they omitted this claim from the argument section of their brief. Even if argued, we would conclude that the resolution of permitting issues was not a condition precedent to the transfer of the Property to Plaintiffs. Rather, the Settlement Agreement expressly provided that: (1) the Partnership could provide the permits up to six months after and receive the full balance of the $25,000 escrow; (2) after six months, $2,000 of the escrow would be released to Plaintiffs for each month that the Partnership had not obtained and delivered the permits; and (3) after one year, the remaining balance of the escrow would be released to Plaintiffs and they could then pursue the permits. *See* N.T., 4/17/23, at 4.

Partnership was under no obligation to convey the Property to Plaintiffs and the trial court should not have ordered the Partnership to do so. Defendants' Brief at 23.

We conclude the trial court did not err in granting Plaintiffs' motion and ordering the Partnership to fulfill its obligations under the Settlement Agreement. *See Toppy*, 285 A.3d at 682. A condition precedent is a condition which must occur before a duty to perform under a contract arises. *See Keystone Tech. Grp., Inc. v. Kerr Grp., Inc.*, 824 A.2d 1223, 1227 (Pa. Super. 2003). "[A]n event mentioned in a contract will not be construed as a condition precedent unless expressly made such a condition." *Wineburgh v. Wineburgh*, 816 A.2d 1105, 1109 (Pa. Super. 2002) (citation omitted).

Here, the Settlement Agreement did not provide that the Partnership's duty to transfer the Property was contingent on Plaintiffs' payment of $25,000 into escrow. Instead, as the parties' recitation at the April 17, 2023 hearing made clear, "the settlement involves the *immediate* conveyance of title to" the Property to Plaintiffs. N.T., 4/17/23, at 3-4 (emphasis added). While the Settlement Agreement imposed an independent obligation on Plaintiffs to pay the specified funds into escrow, they were not required do so *prior* to the Partnership's fulfillment of its obligations under the agreement. Therefore, regardless of their obligation to pay $25,000 into escrow, Plaintiffs had the right under the Settlement Agreement to demand the Partnership's immediate

- 11 -

conveyance of the Property to them. Accordingly, no relief is due on Defendants' second issue.

In their third issue, Defendants argue that the trial court erred by failing to hold a hearing before granting Plaintiffs' motion to enforce the Settlement Agreement. Defendants maintain that the court should have convened a hearing to explore two topics: (1) whether Plaintiffs had complied with their obligation to post escrow; and (2) whether the Partnership's failure to convey the Property to Plaintiffs "was the result of its own refusal to do so, or . . . other impediments which prevented it from complying with the" agreement. Defendants' Brief at 24.

We discern no error in the trial court's grant of Plaintiffs' motion to enforce the Settlement Agreement without a hearing. ***See Toppy***, 285 A.3d at 682. As discussed above, Plaintiffs bore no obligation to prove that they posted escrow before demanding transfer of the Property, as this was ***not*** a condition precedent to the Partnership's performance under the Settlement Agreement. Furthermore, Defendants conceded that they never asked Plaintiffs to post escrow when, in their answer to the motion to enforce, Defendants admitted that their counsel did not meaningfully respond to Plaintiffs' counsel's numerous requests "to move the settlement along." Motion to Enforce Settlement, 12/20/23, at ¶¶ 1-6; ***see also*** Answer to Motion to Enforce Settlement, 1/9/24, at ¶¶ 1-6.

Moreover, it was unnecessary for the trial court to determine whether there were "other impediments" to the conveyance of the Property.

Defendants' Brief at 24. The Partnership has not disputed its ownership of the Property throughout the duration of the case. Indeed, the Partnership has entered into three agreements requiring its transfer of the Property to Plaintiffs: (1) the settlement agreement that terminated the Prior Litigation; (2) the Agreement of Sale; and (3) the instant Settlement Agreement. To the extent Defendants refer to the difficulties in obtaining the necessary permits from L & I as an impediment to conveyance of the Property, the Settlement Agreement expressly accounted for any such difficulties. Specifically, the Settlement Agreement permitted the Partnership up to a year **after** transfer of title to obtain the permits, and, if the Partnership could not obtain the permits, it would forfeit the right to the balance of the escrow funds and Plaintiffs could then pursue the permits on their own. **See** N.T., 4/17/23, at 4. Therefore, the trial court properly granted Plaintiffs' motion to enforce the Settlement Agreement without a hearing. Defendants' third issue merits no relief.

In their final issue, Defendants challenge the trial court's award of $1,500 in attorneys' fees. We limit our review of the fee award to whether the whether the court palpably abused its discretion. **See Garced v. United Cerebral Palsy of Philadelphia & Vicinity**, 307 A.3d 103, 127 (Pa. Super. 2023).

The trial court awarded attorneys' fees pursuant to 42 Pa.C.S.A. § 2503(7), which provides:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

* * * *

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

42 Pa.C.S.A. § 2503(7).

Vexatious conduct is without reasonable or probable cause or excuse; harassing; annoying. . . . [G]enerally speaking, obdurate conduct may be defined in this context as stubbornly persistent in wrongdoing. Conduct is dilatory where the record demonstrates that counsel displayed a lack of diligence that delayed proceedings unnecessarily and caused additional legal work.

*County of Fulton v. Secretary of Commonwealth*, 292 A.3d 974, 1014 (Pa. 2023) (citations, quotation marks, and emphases omitted).

"While disposition of claims under Section[] 2503(7) . . . generally requires an evidentiary hearing, no hearing is necessary where the facts are undisputed." *In re Estate of Simpson*, 305 A.3d 176, 187 (Pa. Super. 2023). Because Section 2503(7) reads in the disjunctive, a trial court need only find that defendants engaged in dilatory, vexatious, *or* obdurate conduct when awarding counsel fees. *See Thunberg v. Strause*, 682 A.2d 295, 301 n.7 (Pa. 1996) (construing similar provision in Section 2503(9)).

Defendants contend that Plaintiffs did not allege any dilatory, vexatious, or obdurate conduct in their motion and instead only averred that defense "counsel did not promptly communicate with Plaintiffs' counsel." Defendants' Brief at 25-26. Defendants assert that the trial court did not take any evidence

- 14 -

or make any factual findings concerning Plaintiffs' failure to post escrow and the Partnership's reasons for not conveying the Property to Plaintiffs.

In its opinion, the trial court found that the Partnership engaged in obdurate and vexatious conduct by refusing to fulfill its obligations under the Settlement Agreement. As the court observed, "the [S]ettlement [A]greement was placed on the record on April 17, 2023, [and] Plaintiffs filed their motion to enforce six . . . months after the agreement was signed." Trial Court Opinion, 8/15/24, at 7. The court found that the Partnership's "documented inaction [during the intervening six-month period] forced Plaintiffs to expend time and money to enforce the agreement[,] and [they] were therefore entitled to compensation." *Id*.

Based on our review, we determine that the trial court did not abuse its discretion in awarding attorneys' fees to Plaintiffs without a hearing. *See Garced*, 307 A.3d at 127. As previously discussed, the facts of this matter are undisputed: the Settlement Agreement required the Partnership's immediate conveyance of the Property to Plaintiffs; Plaintiffs' counsel made repeated requests to effectuate the transfer of the Property; and Defendants' counsel failed to meaningfully respond to these requests. The record supports the court's conclusion that the Partnership acted "without reasonable or probable cause or excuse" and was "stubbornly persistent in wrongdoing." *County of Fulton*, 292 A.3d at 1014 (defining vexatious and obdurate conduct). No relief is due on Defendants' final issue.

Accordingly, we affirm in part the trial court's January 12, 2024 order to the extent it required the Partnership to fulfill its obligations under the Settlement Agreement and pay $1,500 to Plaintiffs' counsel. However, we reverse in part the order to the extent it applied to Individual Defendants, as we find that Plaintiffs released all claims against them.

Order affirmed in part and reversed in part. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/13/2025